**Richard BARONE, Petitioner,**

v.

**Ronald BROWN, Administrator, Southern State Correctional Facility, et al., Respondents.**

No. CIV. 97–CV–2877 JBS.

United States District Court,
D. New Jersey.

Jan. 2, 2001.

Peter Garcia, Public Defender of New Jersey by J. Michael Blake, Assistant Deputy Public Defender, Appellate Section, Newark, NJ, for Petitioner.

John J. Farmer, Jr., Attorney General of New Jersey by Janet Flanagan, Deputy Attorney General, Division of Criminal Justice, Appellate Bureau, Trenton, NJ, for Respondents.

## *OPINION*

SIMANDLE, District Judge:

### I. *INTRODUCTION*

This matter comes before this Court on petitioner's motion for reconsideration of this Court's Order of May 23, 2000 whereby the Court dismissed petitioner's application for habeas corpus relief because he was no longer in custody and off parole. Petitioner asserts that this Court erred in determining that it lacked jurisdiction over his habeas application simply because he was out of custody. For reasons that follow, petitioner's motion for reconsideration will be granted, and the Order dismissing the petition will be vacated.

### II. *BACKGROUND*

The present motion for reconsideration stems from the 1991 conviction of petitioner, Richard Barone, for conspiracy to commit theft and for theft by unlawful taking. (Pet'r's Br. at 1.) Petitioner's conviction was reversed by the Appellate Division on March 4, 1996. *State v. Barone,* 288 N.J.Super. 102, 671 A.2d 1096 (1996). (*Id.*) On March 10, 1997, the New Jersey Supreme Court reversed the Appellate Division and reinstated the convictions. *State v. Barone,* 147 N.J. 599, 689 A.2d 132 (1997). (*Id.*) Shortly thereafter, petitioner began to serve his sentence and was in custody when his petition for habeas corpus was filed in the United States District Court on June 9, 1997. (*Id.*) On July 9, 1997, the state court denied petitioner's application for bail pending appeal. (*Id.*) On November 21, 1997, petitioner was paroled. (*Id.*) On October 24, 1999, petitioner was released from parole. (*Id.*) His release from parole status prompted this Court's concern that he was no longer in a custodial status for purposes of securing post-conviction relief under § 2254.

On May 23, 2000, this Court *sua sponte* dismissed the petition without prejudice for lack of jurisdiction, citing the fact that the petitioner was no longer in custody. (*Id.*) Petitioner then filed the instant motion for reconsideration on June 20, 2000, and both sides have submitted supplemental briefing on the "in custody" issue and whether the conviction continued to have collateral consequences to the petitioner.

### III. *DISCUSSION*

#### A. *Reconsideration Standard*

 Local Civil Rule 7.1(g) requires that a motion for reargument shall be served within 10 days of the entry of the order or judgment on which reargument is sought. Such motions should be accompanied by a "brief setting forth concisely the

matters or controlling decisions which counsel believes the Judge or Magistrate has overlooked." *Id.* "A party seeking reconsideration must show more than a disagreement with the court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Panna v. Firstrust Sav. Bank,* 760 F.Supp. 432, 435 (D.N.J. 1991) (quoting *Carteret Sav. Bank, F.A. v. Shushan,* 721 F.Supp. 705, 709 (D.N.J. 1989)). As this Court has stated, "motions for reargument succeed only where a 'dispositive factual matter or controlling decision of law' was presented to the Court but not considered." *Damiano v. Sony Music Entertainment,* 975 F.Supp. 623, 634 (D.N.J.1996) (quoting *Pelham v. United States,* 661 F.Supp. 1063, 1065 (D.N.J. 1987)). Where no facts or cases were overlooked, such a motion will be denied, *Egloff v. New Jersey Air Nat. Guard,* 684 F.Supp. 1275, 1279 (D.N.J.1988); *Resorts International v. Greate Bay Hotel and Casino,* 830 F.Supp. 826, 831 (D.N.J.1992).

■ In the present situation of reconsideration of a *sua sponte* jurisdictional dismissal, the rule against considering newly presented facts should be relaxed because petitioner did not have a full opportunity to address the issue of the collateral consequences of his conviction before the Court entered the dismissal order.

### B. *The Requirement of Custody*

■ The requirement of custody in habeas corpus jurisdiction is one of a number of threshold issues that must be satisfied before a federal court may consider a claim on its merits. 28 U.S.C. § 2254(a). The determination as to whether or not a petitioner is in custody is dependent upon his custody status on the date he filed the petition. This requirement has been clarified by the Supreme Court to mean that custody status is determined at the point of filing: "The federal habeas corpus statute requires that the applicant must be in custody when the application for habeas

corpus is filed." *Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *accord Pringle v. Court of Common Pleas,* 744 F.2d 297 (3d Cir. 1984). Therefore, if a petitioner is in custody at the time he files his petition, the federal court has jurisdiction for the purposes of habeas review.

■ The definition of custody for purposes of habeas review is not limited to incarceration alone. "Custody ... has been liberally defined to include persons on parole, those released on their own recognizance pending appeal, and those who have been released from confinement pursuant to 18 U.S.C. § 4164." *Pringle,* 744 F.2d at 300.

■ In this case, petitioner filed his petition for habeas relief on June 9, 1997. (Pet'r's Br. at 1.) At that time, petitioner was incarcerated at Southern State Correctional Facility. (*Id.*) Therefore, he was in custody at the time he filed the petition. This Court was thus invested with federal habeas corpus jurisdiction as of the time of filing. The issue is whether his subsequent parole and release from parole rendered his petition moot.

### C. *Mootness under Article III § 2*

Even though the Court has determined that petitioner's custodial status should be assessed as of the time of filing, it is necessary to determine whether petitioner's application is nevertheless moot as failing to present a case or controversy under Article III, § 2 of the Constitution. The state contends that the present petition was moot as of the date of petitioner's release from parole because at that point the petitioner ceased to suffer any negative consequences as a result of his conviction.

The Supreme Court has held that habeas petitions may become moot. "[The Article III § 2] case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a

'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). The *Spencer* Court continued:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer*, 523 U.S. at 7–8, 118 S.Ct. 978.

The Third Circuit has refined the holding in *Spencer* that there must be some sort of collateral consequence attached to a conviction to prevent a habeas petition from becoming moot: "Once established, *habeas corpus* jurisdiction cannot be defeated by the commutation or vacation of the petitioner's sentence unless the prior conviction carries with it no substantial collateral consequences." *Pringle*, 744 F.2d at 301.

The Supreme Court's interpretation of the "collateral consequences" of a conviction has evolved over time. *Spencer*, 523 U.S. at 8, 118 S.Ct. 978. In 1943, when the Court first considered the topic, it held that a "collateral consequence" did not exist unless it was specifically identified. *Id.* An example of a specifically identified collateral consequence is a prohibition from engaging in a particular trade, or the right to serve on a jury. *Id.* Over the next twenty-five years, the Court broadened the scope of the collateral consequences of a crime. *Id.* at 9, 118 S.Ct. 978. By 1968, the Court had abandoned the original approach. *Id.* at 10, 118 S.Ct. 978. The Court's decision in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), held that collateral consequences should be presumed in any case that involved a criminal conviction. Recently, however, the Court has retreated from a broad reading of collateral consequences. The Court's retreat was articulated in *Spencer*, which was decided in 1998. The Fifth Circuit summarized the *Spencer* Court's reasoning in the recent case of *Max–George v. Reno*, 205 F.3d 194 (5th Cir.2000).

> In *Spencer v. Kemna*, . . . the Supreme Court retreated from *Sibron* and withdrew the presumption that collateral consequences exist. . . . The Court distinguished between two types of collateral consequence. First "concrete" collateral consequences are those that have "occurred, that [are] imminently threatened, or that [are] imposed as a matter of law (such as deprivation of the right to vote, to hold office, to serve on a jury, or to engage in certain businesses)." . . . The second are presumed, or hypothetical, consequences, such as the chance that a parole violation might affect a future parole hearing if the petitioner later returned to prison on a different offense. . . . The Court found the latter too speculative to qualify as a legitimate collateral consequence.

*Max–George*, 205 F.3d at 196 (citations omitted).

In the instant case, petitioner's habeas petition is not moot because he has come forward with evidence of collateral consequences of conviction even though he is now off parole. As illustrated by the judgment of conviction, upon conviction the state imposed upon petitioner restitution in the amount of $47,313.00. (*See* Judgment attached to August 23, 2000 Ltr. of Pet. Counsel.)

Moreover, it is apparent that the underlying conviction in this case could result in more severe consequences should Mr. Barone be convicted of crimes in the future.

Under N.J.S.A. 2C:44–3(a), petitioner's conviction in this case could result in his being classified as a "persistent offender", which in turn could expose him to extended sentencing upon further convictions. Under *Spencer*, such consequences satisfy the case or controversy requirement of Article III § 2, where the petition for post-conviction relief had been timely filed while petitioner was in custody. Accordingly, the Court finds that petitioner has pointed to factual circumstances and controlling authority that the Court overlooked in its initial Order of dismissal. The Court concludes that, based on these tangible collateral consequences, petitioner's application, which was timely filed while petitioner was in state custody from this conviction, did not become moot under Article III § 2 on October 24, 1999, the date of his release from parole, because that conviction gave rise to a continuing restitution obligation of $47,313.00. For this reason, the motion for reconsideration will be granted.

## CONCLUSION

For reasons stated in today's Opinion, petitioner's motion for reconsideration is granted, and this case will be returned to the Court's active docket. The accompanying Order is entered.

## ORDER

This matter having come before the Court upon petitioner's motion for reconsideration of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the court having reviewed the petitioner's submission and for the reasons stated in the Opinion of today's date;

IT IS, this ___ day of January, 2001, hereby

**ORDERED** that petitioner's motion for reconsideration [Docket Entry No. 11] is *GRANTED;* and it is further

**ORDERED** that this Court's Order of May 23, 2000 dismissing this case without prejudice [Docket Entry No. 10] is *VACATED;* and it is further

**ORDERED** that this case shall be reopened and returned to this Court's active docket.