637 A.2d 914

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. EMILIO RODRIQUEZ, DEFENDANT–APPELLANT.

Argued February 15, 1994—Decided March 15, 1994.

*Joan D. Van Pelt,* Deputy Public Defender, argued the cause for appellant (*Susan L. Reisner,* Acting Public Defender, attorney; *Ms. Van Pelt* and *Katherine Lusby,* Designated Counsel, of counsel and on the brief).

*Carol M. Henderson,* Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General of New Jersey, attorney).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in the Appellate Division opinion, reported at 264 *N.J.Super.* 261, 624 *A.2d* 605 (1993).

O'HERN, J., dissenting.

I believe that *Rule* 3:13–2, which allows the videotaped deposition of a material witness to be used at trial in order to "prevent manifest injustice," does not contemplate the partial use of such deposition testimony (live direct examination; taped cross-examination) except in the rarest of circumstances. To permit such splitting of the testimony of a key state witness in a relatively short criminal trial creates, rather than prevents, manifest injustice.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, GARIBALDI, and STEIN—6.

*Dissenting*—Justice O'HERN—1.