NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5645-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

BENJAMIN CAPERS,
a/k/a COOPER BENJAMIN,

 Defendant-Appellant.

________________________________________________________________

 Submitted March 7, 2017 – Decided July 31, 2017

 Before Judges Messano and Espinosa.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County, Indictment Nos.
 09-04-0384 and 09-04-0385.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Grace H. Park, Acting Union County Prosecutor,
 attorney for respondent (Milton S. Leibowitz,
 Special Deputy Attorney General/Acting
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant appeals from the denial of his petition for post-

conviction relief (PCR) without an evidentiary hearing. We affirm.

 Following a jury trial, defendant filed a direct appeal from

his convictions for two armed robberies, eluding, weapons

offenses, assault and resisting arrest. Among the arguments

presented in his direct appeal were defendant's contentions in a

pro se supplemental brief that his counsel was ineffective for

failing to move for a Wade1 hearing. We affirmed his convictions

and sentence in an unpublished opinion, State v. Capers, No. A-

4369-10 (App. Div. Apr. 19), certif. denied, 216 N.J. 86 (2013).

We did not address defendant's ineffective assistance of counsel

claims, observing that, because they concerned the "decisions of

trial counsel, the bases for which are not apparent from the

appellate record . . . they may be appropriate subjects for a

subsequent petition for [PCR], not direct appeal." Id. at 6.

 Defendant filed a timely PCR petition that was supplemented

by his pro se letter brief and a brief by appointed PCR counsel.

Following legal argument, the PCR judge denied his petition and

set forth his reasons on the record.

 In his appeal, defendant presents the following arguments:

1
 United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed.
2d 1149 (1967).

 2 A-5645-14T1
 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR POST
 CONVICTION RELIEF WITHOUT AFFORDING
 HIM AN EVIDENTIARY HEARING TO FULLY
 ADDRESS HIS CONTENTION THAT HE
 FAILED TO RECEIVE ADEQUATE LEGAL
 REPRESENTATION AT THE TRIAL LEVEL.

 A. THE PREVAILING LEGAL
 PRINCIPLES REGARDING CLAIMS OF
 INEFFECTIVE ASSISTANCE OF COUNSEL,
 EVIDENTIARY HEARINGS AND PETITIONS
 FOR POST CONVICTION RELIEF.

 B. THE DEFENDANT DID NOT
 RECEIVE ADEQUATE LEGAL
 REPRESENTATION FROM TRIAL COUNSEL
 AS A RESULT OF COUNSEL'S FAILURE TO
 PURSUE A WADE HEARING PRIOR TO
 TRIAL.

 C. THE DEFENDANT DID NOT
 RECEIVE ADEQUATE LEGAL
 REPRESENTATION FROM TRIAL COUNSEL
 AS A RESULT OF TRIAL COUNSEL'S
 FAILURE TO CONDUCT AN ADEQUATE
 PRETRIAL INVESTIGATION WHICH WOULD
 HAVE RESULTED IN PURSUING AN ALIBI
 DEFENSE WITH RESPECT TO THE FIRST OF
 THE TWO ROBBERIES WITH WHICH THE
 DEFENDANT WAS CHARGED.

 I.

 The facts underlying defendant's convictions are set forth

in our opinion in his direct appeal. Therefore, we review only

the facts pertinent to the issues raised.

 Defendant was convicted of two armed robberies that occurred

sixteen days apart. He was arrested after he crashed a brown

 3 A-5645-14T1
minivan following a high speed police chase shortly after the

second robbery.

 The first robbery occurred at a store in Linden. The owner

of the store recognized defendant when he walked in because he had

been in the store twice recently. After the second robbery, the

police prepared a photographic array that included defendant's

photograph and showed them to the owner of the Linden store and a

customer who had been in the store at the time of the robbery.

The Linden store owner positively identified defendant from the

photo array and in court. The customer selected a photograph of

defendant and was 60-80% sure he was the robber. At trial, she

testified she was not 100% certain of her identification.

Defendant does not contend his counsel was ineffective for failing

to seek a Wade hearing to challenge the identifications made by

the Linden store owner and customer.

 The second robbery occurred in Elizabeth. The owner spoke

directly to defendant before he pulled out a gun to demand money.

After taking the money, defendant fled. The owner called 911 and

ran outside, where he saw a brown minivan leaving and heading in

the direction of Broad Street. The store owner gave the make and

license plate number of the minivan to police over the phone and

provided the responding officer with a description of defendant's

clothing, mask, gun and the bag used during the robbery.

 4 A-5645-14T1
 Shortly thereafter, an Elizabeth police officer saw a vehicle

matching the minivan's description speeding and turned on his

lights and siren. A high speed chase ensued until defendant

crashed the minivan into a concrete median at the on-ramp to

Interstate 78 West. Defendant jumped out of the minivan and ran

across several lanes of Interstate 78 West, ignoring the officer's

commands to stop. When police caught up with him, defendant

continued to struggle to avoid being handcuffed.

 A search of the minivan resulted in the recovery of a laundry

bag containing $4.66 in change, a loaded silver .40 caliber

handgun, a knit cap and gloves. When defendant was processed

following his arrest, he had $418.

 After defendant's arrest, the Elizabeth store owner was

brought to the scene by Officer Patrick Vaughn, who told him, "we

are going to show you a possible suspect, please tell us whether

or not you believe that he may be a suspect." Defendant was

removed from the vehicle and placed on the shoulder of the roadway.

Officer Vaughn testified that it took "[a]bout a second" for the

store owner to say, "yes, sir, that's the one." The witness also

volunteered that the car defendant was removed from was the one

he had seen leaving the vicinity of his store earlier. The store

owner testified he was a "[h]undred percent" certain defendant was

the person who robbed him.

 5 A-5645-14T1
 II.

 A PCR court should grant an evidentiary hearing if the

defendant has presented a prima facie case of ineffective

assistance of counsel. State v. Preciose, 129 N.J. 451, 462

(1992). "To establish such a prima facie case, the defendant must

demonstrate a reasonable likelihood that his or her claim will

ultimately succeed on the merits." State v. Marshall, 148 N.J.

89, l58, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed.

2d 88 (1997).

 An evidentiary hearing is required if "there is a dispute of

fact with respect to matters which are not of record." Pressler

& Verniero, Current N.J. Court Rules, comment 2 on R. 3:22-10

(2017). However, "[i]f the court perceives that holding an

evidentiary hearing will not aid the court's analysis of whether

the defendant is entitled to [PCR], . . . then an evidentiary

hearing need not be granted." Marshall, supra, 148 N.J. at l58

(citations omitted). "As in a summary judgment motion, courts

should view the facts in the light most favorable to a defendant

to determine whether a defendant has established a prima facie

claim." Preciose, supra, 129 N.J. at 462-63.

 To establish a prima facie claim of ineffective assistance

of counsel, a defendant must demonstrate a reasonable likelihood

of success under the two-prong test set forth in Strickland v.

 6 A-5645-14T1
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),

and adopted by New Jersey in State v. Fritz, 105 N.J. 42 (1987).

That test is as follows:

 First, the defendant must show that counsel's
 performance was deficient. This requires
 showing that counsel made errors so serious
 that counsel was not functioning as the
 "counsel" guaranteed the defendant by the
 Sixth Amendment. Second, the defendant must
 show that the deficient performance prejudiced
 the defense. This requires showing that
 counsel's errors were so serious as to deprive
 the defendant of a fair trial, a trial whose
 result is reliable. Unless a defendant makes
 both showings, it cannot be said that the
 conviction . . . resulted from a breakdown in
 the adversary process that renders the result
 unreliable.

 [Strickland, supra, 466 U.S. at 687, 104 S.
 Ct. at 2064, 80 L. Ed. 2d at 693.]

Viewing the facts most favorably to defendant, he has failed to

present prima facie evidence to warrant an evidentiary hearing.

 III.

 Because the identifications challenged here occurred before

the Supreme Court's decision in State v. Henderson, 208 N.J. 208

(2011), the standards set forth in Manson v. Braithwaite, 432 U.S.

98, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977), and adopted in State

v. Madison, 109 N.J. 223 (1988), apply. See State v. Jones, 224

N.J. 70, 85 n.2 (2016). Therefore, defendant was required to

first "proffer . . . some evidence of impermissible

 7 A-5645-14T1
suggestiveness" to be entitled to a Wade hearing. State v.

Rodriquez, 264 N.J. Super. 261, 269 (App. Div. 1993), aff'd o.b.,

135 N.J. 3 (1994).

 Although "[o]ne-on-one showups are inherently suggestive,"

the fact that an identification was made at a showup will not

alone provide a sufficient basis for excluding an identification.

Jones, supra, 224 N.J. at 87.

 Our law has permitted "on or near-the-scene
 identifications because they are likely to be
 accurate, taking place . . . before memory has
 faded and because they facilitate and enhance
 fast and effective police action and they tend
 to avoid or minimize inconvenience and
 embarrassment to the innocent."

 [Ibid. (alteration in original) (quoting State
 v. Herrera, 187 N.J. 493, 504 (2006)).]

 Applying the Manson/Madison standard, the Court suppressed

the identification of the defendant at a showup in Jones, supra,

224 N.J. at 90, finding the procedure impermissibly suggestive.

A fourteen-year-old girl, C.W., reported that an adult male wearing

a yellow ski mask and a blue and white plaid jacket approached her

and exposed himself. Id. at 74-75. After the defendant was

arrested, he was brought to C.W.'s school and made to stand between

two officers. Id. at 78. She testified at trial: "He just had

on a black shirt. At first I didn't recognize him, then they put

the jacket back on and I realized it was him." Ibid. She admitted

 8 A-5645-14T1
she had not seen the face of the man and that it was his jacket,

and not his face, that she recognized. Id. at 79. C.W. also

acknowledged that the police told her before the showup that they

had caught the man she had encountered on her way to school. Id.

at 78.

 In support of his contention that the showup was impermissibly

suggestive, defendant relies upon his trial testimony. He stated

he was handcuffed and two police officers were holding him, that

there were a lot of police on the scene and a helicopter overhead.

He could not see the face of the person who identified him. These

assertions fall far short of the level of impermissible

suggestiveness defendant was required to show to be entitled to a

Wade hearing. Because defendant has failed to present prima facie

evidence that a request for a Wade hearing would have been

successful, he cannot satisfy the first prong of the Strickland

test. See State v. Ball, 381 N.J. Super. 545, 554-555 (App. Div.

2005); State v. Roper, 378 N.J. Super. 236, 237 (App. Div.),

certif. denied, 185 N.J. 265 (2005).

 IV.

 Defendant also argues his counsel was ineffective for failing

to conduct an adequate investigation regarding the first robbery

and, as a result, failed to call an alibi witness. This argument

was not presented in defendant's PCR petition or in either his pro

 9 A-5645-14T1
se letter brief or the brief submitted by PCR counsel. Because

it was raised for the first time at oral argument before the PCR

judge, it was not properly before the court. The PCR judge

nonetheless addressed the contention on its merits and found no

ground for relief. Defendant's argument that he was improperly

denied an evidentiary hearing on this basis lacks sufficient merit

to warrant discussion, Rule 2:11-3(e)(2), beyond the following

limited comments.

 Rule 3:22-10(c) states that "[a]ny factual assertion that

provides the predicate for a claim of relief [in a petition for

PCR] must be made by an affidavit or certification . . . and based

upon personal knowledge of the declarant before the court may

grant an evidentiary hearing." Under this rule, a defendant

asserting a claim of ineffective assistance of counsel in a

petition for PCR based on his counsel's failure to produce a

witness at trial must present a certification by that witness

concerning the testimony the witness would have been prepared to

give. See State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div.

2002); State v. Cummings, 321 N.J. Super. 154, 170-71 (App. Div.),

certif. denied, 162 N.J. 199 (1999).

 Defendant relied upon: (1) a handwritten note from the

purported alibi witness, dated January 2, 2015, in which she stated

she was with defendant from 5:14 p.m. on January 12, 2009 until

 10 A-5645-14T1
1:26 a.m. the following morning, (2) a report, dated January 5,

2015, from an investigator that reflected the same, and (3) a

certification from the investigator, dated January 2, 2015, in

which she stated the witness "reviewed, signed, and dated the

handwritten notes [she] took while interviewing her."

 There is no certification to supply the essential link here

– that defendant, who was obviously aware if he had an alibi,

disclosed this information to his attorney. The documents

submitted, which do not comply with the requirements of Rule 3:22-

10(c), fail to present prima facie evidence of ineffective

assistance of counsel necessitating an evidentiary hearing.

 Affirmed.

 11 A-5645-14T1