**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1723-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES H. KIM, JR.,

      Defendant-Appellant.

_____

> Argued April 29, 2019 – Decided May 15, 2019
>
> Before Judges Fasciale and Rose.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Municipal Appeal No. 008-01-16.
>
> Nabil N. Kassem argued the cause for appellant (Kassem & Associates, PC, attorneys; Nabil N. Kassem and Dominique J. Carroll, on the brief).
>
> Tom Dominic Osadnik, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Dennis Calo, Acting Bergen County Prosecutor, attorney; Tom Dominic Osadnik, of counsel and on the brief).

PER CURIAM

Defendant James H. Kim, Jr. appeals a November 6, 2017 order denying his motion for reconsideration. In 2012, in Elmwood Park Municipal Court, defendant pled guilty to driving while intoxicated (DWI), N.J.S.A. 39:4-50. Defendant's license was suspended for three months and he was ordered to pay $716 in penalties and fines. In 2016, defendant filed a petition for post-conviction relief (PCR), which the municipal judge denied. Defendant appealed the denial to the Law Division. Following oral argument, Judge Gary Wilcox (the judge) denied defendant's petition for PCR and issued a well-reasoned written opinion. Defendant filed a motion for reconsideration, which the judge also denied. We review the order denying reconsideration.

On appeal, defendant argues:

POINT I

AS A MATTER OF LAW, THE LOWER COURT FAILED TO BASE ITS FINDINGS OF FACT ON THE EVIDENCE PRESENTED.

POINT II

AS A MATTER OF LAW[,] THE WARRANTLESS SEARCH AND SEIZURE OF [DEFENDANT] WAS THE RESULT OF AN UNCONSTITUTIONAL AND UNAUTHORIZED BOROUGH OF ELMWOOD PARK POLICE DEPARTMENT ENFORCED DWI CHECKPOINT ON JUNE 9, 2012. ACCORDINGLY,

2

ALL EVIDENCE RESULTING FROM THAT UNLAWFUL STOP, ARE FRUITS FROM THE POISONOUS TREE THEREBY REQUIRING REVERSAL OF THE LOWER COURT'S DECISION.

POINT III

AS A MATTER OF LAW[,] THE LAW DIVISION ERRONEOUSLY DENIED [DEFENDANT]'S PETITION FOR [PCR] RESULTING FROM THE DEPRIVATION OF HIS FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL REQUIRING REVERSAL OF THE LOWER COURT'S DECISION.

A. As A Matter Of Law, [Defendant]'s Former Counsel Was Ineffective As She Failed To Investigate Any Facts And/Or Law Of The Case Before Advising [Defendant] To Plead Guilty.

B. As A Matter Of Law, [Defendant]'s Former Counsel Was Ineffective As She Failed To Request And/Or Obtain All Discovery Necessary To Challenge The Unconstitutional And Unauthorized Borough Of Elmwood Park Police Department Enforced DWI Checkpoint On June 9, 2012. Accordingly, Former Counsel Was Not Capable Of And Failed To Advise [Defendant] As To Any Defenses To The Charges.

C. As A Matter Of Law, [Defendant]'s Former Counsel Was Ineffective As She Failed To File Any Motions, Including Without Limitation, A Motion To Suppress All Evidence Obtained During The

3

Warrantless Search And Seizure Of [Defendant] At The Unconstitutional And Unauthorized Borough Of Elmwood Park Police Department Enforced DWI Checkpoint On June 9, 2012.

D. As A Matter Of Law, [Defendant]'s Former Counsel Was Ineffective As She Failed To Inform Him Of Consequences Of His Guilty Plea.

E. As A Matter Of Law, [Defendant]'s Former Counsel Was Ineffective As She Failed To Challenge The Lack Of A Factual Basis To Establish His Guilty Plea.

POINT IV

AS A MATTER OF LAW, THE LAW DIVISION ERRONEOUSLY DETERMINED THAT [DEFENDANT] WAS PROCEDURALLY BARRED FROM RAISING A FOURTH AMENDMENT CHALLENGE TO THE UNCONSTITUTIONAL AND UNAUTHORIZED BOROUGH OF ELMWOOD PARK POLICE DEPARTMENT ENFORCED DWI CHECKPOINT ON JUNE 9, 2012 IN HIS [PCR] PETITION.

POINT V

AS A MATTER OF LAW, [DEFENDANT]'S FORMER COUNSEL WAS INEFFECTIVE AS CUMULATIVELY HER ERRORS CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL.

4

POINT VI

AS A MATTER OF LAW, THE LOWER COURT ERRONEOUSLY DENIED [DEFENDANT]'S [PCR] PETITION AS HIS PLEA AND SENTENCE SHOULD HAVE BEEN VACATED DUE TO THE FACT THAT THE NECESSARY ELEMENTS REQUIRED TO ESTABLISH, AMONG OTHER THINGS, A DEFENDANT'S KNOWING, VOLUNTARY, FACTUALLY ACCURATE PLEA TO THE SUBJECT DWI CHARGE, WERE NOT SET FORTH.

POINT VII

AS A MATTER OF LAW, THE LOWER COURT ERRONEOUSLY DENIED [DEFENDANT]'S REQUEST TO WITHDRAW HIS GUILTY PLEA DESPITE SATISFYING THE APPLICABLE FACTORS SET FORTH IN STATE V. SLATER.[1]

POINT VIII

AS A MATTER OF LAW, THE LAW DIVISION ERRONEOUSLY DENIED [DEFENDANT]'S MOTION FOR RECONSIDERATION OF ITS ORDER.

Having considered these arguments in light of the record and applicable legal standards, we affirm.

---

[1]  198 N.J. 145 (2009).

I.

In June 2012, defendant was arrested at a DWI checkpoint in Elmwood Park, enforced by the Elmwood Park Police Department (EPPD). Defendant, who was twenty years old at the time, received summonses for DWI, N.J.S.A. 39:4-50; careless driving, N.J.S.A. 39:4-97; and possession of an open alcoholic beverage container in a motor vehicle, N.J.S.A. 39:4-51B.

In August 2012, defendant pled guilty to DWI, and the other two summonses were dismissed pursuant to the parties' plea agreement. The municipal judge accepted defendant's guilty plea and sentenced defendant as a first-time offender with a blood alcohol content in excess of .08%, but less than .10%. Defendant did not directly appeal his conviction, but in November 2016, defendant's new counsel (different from his plea counsel) filed a petition for PCR in the Elmwood Park Municipal Court, pursuant to Rule 7:10-2(a). Defendant asserted that he was not "under the influence of alcohol at any time prior to the search and seizure of [his] vehicle and/or person" and "but for [plea counsel]'s ineffective assistance of counsel [he] would not have foregone [his] constitutional right to trial." Following oral argument, the municipal judge denied defendant's PCR petition. Subsequently, defendant filed an appeal to the Law Division.

In June 2017, Judge Wilcox conducted oral argument. Defendant reiterated the arguments made before the municipal judge. On June 30, 2017, the judge issued an order and comprehensive seventeen-page written decision denying defendant's petition for PCR. Defendant filed a motion for reconsideration. The judge conducted oral argument in September 2017 on the reconsideration motion. On November 6, 2017, the judge issued an order and five-page written decision denying defendant's motion for reconsideration. This appeal followed.

II.

We begin by noting that most of defendant's claims before the judge in the Law Division and before us on appeal are not properly raised in his PCR petition because they could have been – but were not – raised on direct appeal. It is well-established that PCR is intended to permit a defendant to challenge the legality of a conviction on a ground which could not have been raised on direct appeal. State v. Afanador, 151 N.J. 41, 49 (1997). A PCR petition is a collateral attack on a judgment rendered in a criminal proceeding and is the exclusive means of challenging such a judgment. R. 3:22-3; see also State v. Preciose, 129 N.J.

451, 459 (1992). As such, we decline to address these claims because they should have been raised on direct appeal.[2]

### III.

Next, we reject defendant's claim that his (now-deceased) plea counsel rendered ineffective assistance, which is properly raised in his PCR petition. Defendant contends that his plea counsel rendered ineffective assistance in five ways: she failed to (1) investigate any facts and/or law of the case before advising him to plead guilty; (2) request or obtain all necessary discovery and

---

[2] These claims include that the municipal judge made erroneous evidentiary rulings, the constitutionality of the DWI checkpoint, and validity of his guilty plea. At oral argument, defense counsel specifically stressed the unconstitutionality of the DWI checkpoint, arguing that the memorandum signed by the county prosecutor authorized the stop to be conducted on June 8 or June 10 – not June 9, the date defendant was stopped. This argument is unavailing for two reasons. First, defendant should have raised this argument either before pleading guilty or on direct appeal. That is, not when appealing a motion to reconsider the denial of a petition for PCR. See e.g., State v. Knight, 183 N.J. 449, 470 (2005) (quoting State v. Crawley, 149 N.J. 310, 316 (1997)) ("Generally, a defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea."). Second, even if we were to address the argument on the merits, we conclude that the checkpoint was constitutional. The county prosecutor's execution of the memorandum authorizing the stop is not dispositive. The county prosecutor's office's approval would not necessarily make a checkpoint constitutional, just as the lack of approval would not necessarily make a checkpoint unconstitutional. Instead, the court must consider thirteen factors when determining the constitutionality of a checkpoint or roadblock. State v. Kirk, 202 N.J. Super. 28, 46-47 (App. Div. 1985).

thus failed to advise defendant of possible defenses; (3) file any motions; (4) inform him of consequences of his guilty plea; and (5) challenge the lack of factual basis to establish his guilty plea.

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." Lee v. United States, 582 U.S. ___, 137 S. Ct. 1958, 1964 (2017) (citing Lafler v. Cooper, 566 U.S. 156, 165 (2012); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of the two-prong Strickland test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A-1723-17T4

As to the second prong of the <u>Strickland</u> test, in the case of a guilty plea, the court considers "whether the defendant was prejudiced by the 'denial of the entire judicial proceeding . . . to which he had a right.'" <u>Lee</u>, 137 S. Ct. at 1965 (alteration in original) (quoting <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 483 (2000)). When a defendant claims that counsel was deficient by causing him to accept a plea, "the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" <u>Ibid.</u> (quoting <u>Hill</u>, 474 U.S. at 59); <u>see also</u> <u>State v. DiFrisco</u>, 137 N.J. 434, 457 (1994). Moreover, a defendant must show that a decision to reject the plea offer "would have been rational under the circumstances." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 372 (2010). That is, "can defendant show that, had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so?" <u>State v. Maldon</u>, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing <u>Padilla</u>, 559 U.S. at 372).

In the Law Division, the judge found that defendant failed to prove either prong under <u>Strickland</u>. The judge considered the evidence against defendant – his blood alcohol content of .09, his admission to police that he had seven drinks over a period of two hours an hour before he was stopped, failed sobriety tests,

and an open bottle of vodka in his vehicle. In light of the evidence, the judge found that "a reasonable person would not have gone to trial." We agree.

Defendant's contention that his plea counsel did not effectively investigate the facts and the law is belied by the record. Defendant's plea counsel requested an adjournment because she had not yet received discovery. Approximately one month later, defendant pled guilty to DWI. Pursuant to the negotiated plea agreement, defendant pled guilty to the DWI charge, and the other two summonses – careless driving and possession of an open container of alcohol – were dismissed. Thus, defendant's plea counsel was effective – two of the three summonses were dismissed. Defendant has not sufficiently demonstrated how his plea counsel's performance was deficient or what further investigation would have revealed regarding potential defenses; particularly in light of the evidence against him, such as his blood alcohol level and admission to consuming seven drinks.

Moreover, defendant's claim that his guilty plea was not entered voluntarily and knowingly is similarly belied by the record. During the colloquy between defendant and the municipal judge, defendant acknowledged the effect of pleading guilty and the rights he was giving up. He stated that he had enough time to discuss the matter with his attorney and that she had answered all of his

questions. Defendant further stated that he was satisfied with the services rendered by his attorney. Thus, defendant has failed to provide any evidence to support his contentions. Defendant's bald assertions are insufficient to establish a prima facie claim of ineffective assistance. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Furthermore, defendant also argues that there was insufficient credible evidence in the record to factually support defendant's conviction under N.J.S.A. 39:4-50 because "the record is devoid of any credible evidence that [defendant]'s ability to operate a motor vehicle safely was in anyway impaired during the morning in question." Defendant misses the point. N.J.S.A. 39:4-50 does not require that the State prove that defendant was impaired in order to sustain a conviction. Rather, the statute provides, "a person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood . . . " is guilty of DWI. N.J.S.A. 39:4-50(a). Defendant's blood alcohol level was .09. Defendant admitted to this during the plea colloquy, in which he also admitted to drinking "a couple of beers." Thus, defendant has failed to offer any evidence as to how his plea counsel was ineffective, or how her performance

prejudiced him. And defendant's PCR petition does not create a factual dispute that compels an evidentiary hearing. See State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (noting that a "[d]efendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation").

Next, defendant contends that his plea counsel was ineffective because she did not file a motion to suppress evidence obtained from the DWI checkpoint. The failure to file a suppression motion is not a circumstance in which prejudice is presumed under the second prong of Strickland. State v. Fisher, 156 N.J. 494, 500-01 (1998). "[W]hen counsel fails to file a suppression motion, the defendant not only must satisfy both parts of the Strickland test but also must prove that his Fourth Amendment claim is meritorious." Id. at 501 (citing Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)). Moreover, "[i]n an ineffective assistance claim based on failure to file a suppression motion, the prejudice prong requires a showing that the motion would have been successful." State v. Roper, 362 N.J. Super. 248, 255 (App. Div. 2003) (citing Fisher, 156 N.J. at 501).

Here, defendant has failed to show that the motion would have been successful. Defendant asserts that the checkpoint was not authorized for June

9, the date of the incident, and that defendant's plea counsel should have known that based on the last page of the memorandum signed by the county prosecutor authorizing the checkpoint. But on the first page of the complete six-page memorandum, it explicitly states that the checkpoint would begin on June 9 at midnight and end at 4:00 a.m. Notably, even though PCR counsel claims that defendant only received the last page of the memorandum, which only states that the checkpoint would be June 10 or June 8, it is clear from the top of the page that it was a continuation from a previous page. At the top of the page, there are statistics – the number of summonses issued, the number of DWI arrests, and the number of criminal complaints signed – from a prior DWI checkpoint. This suggests that it was clear that there was a previous page to the document. The rest of the memorandum – the first five pages – were needed to put the last page in context, and to make the record complete. In sum, defendant has failed to prove that the motion to suppress would have been successful, and thus, his claim of ineffective assistance on this ground fails.

Furthermore, defendant claims that his plea counsel was ineffective because she "misinformed" defendant of the consequences of pleading guilty. Defendant's contention is belied by the record. At the plea hearing, defendant's plea counsel informed the court that she advised defendant of penalties for DWI,

including enhanced penalties for a second and third conviction. After imposing sentence, the judge also informed defendant of the penalties for a subsequent DWI conviction. At the plea hearing, defendant stated that he was "freely and voluntarily" entering a guilty plea. Accordingly, defendant has failed to demonstrate how plea counsel was deficient to establish a prima facie claim of ineffective assistance.

Lastly, defendant contends the factual basis for his guilty plea was "constitutionally inadequate." Defendant asserts that he never acknowledged that he was impaired to operate a motor vehicle, and he did not stipulate that the officer who administered the breathalyzer was certified or that the machine was properly functioning. Again, defendant argues that his plea counsel was ineffective because she failed to advise defendant of his right to retain a DWI expert to challenge the results of the breathalyzer. Defendant's arguments are unavailing.

During a plea colloquy, "[t]he factual foundation may take one of two forms; defendant may either explicitly admit guilt with respect to the elements or may 'acknowledge[] . . . facts constituting the essential elements of the crime.'" State v. Campfield, 213 N.J. 218, 231 (2013) (alterations in original) (quoting State v. Sainz, 107 N.J. 283, 293 (1987)).

At defendant's plea hearing, he was questioned by his plea counsel and the municipal judge. Defendant's plea counsel elicited the following:

> [Counsel]: [Defendant], on Saturday June 9th, 2012, were you driving [in] the Borough of Elmwood Park on Route 46?
>
> [Defendant]: Yes.
>
> [Counsel]: Okay. And was that approximately two o'clock in the morning?
>
> [Defendant]: Yes.
>
> [Counsel]: Okay. Had you had anything to drink just prior to driving the car?
>
> [Defendant]: Yes.
>
> [Counsel]: And what did you drink?
>
> [Defendant]: I had a couple beers.
>
> [Counsel]: Okay. And . . . did you go through a checkpoint on Route 46 in Elmwood Park?
>
> [Defendant]: Yes.
>
> [Counsel]: And were you stopped?
>
> [Defendant]: Yes.
>
> [Counsel]: Okay. And were you tested by an officer?
>
> [Defendant]: Yes.

[Counsel]: And . . . were you found to be under the influence of . . . alcohol . . . ?

[Defendant]: Yes.

. . . .

[Counsel]: What was the blood content? Was . . . it .09, as I see here in the report?

[Defendant]: Yes.

The factual basis established the elements of the crime of DWI, N.J.S.A. 39:4-50. Accordingly, we conclude that defendant has failed to establish either prong under Strickland.

To the extent that we have not addressed the parties' remaining arguments, we conclude they lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1723-17T4