**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4307-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DAVID SHEPHERD,

 Defendant-Appellant.

_____

    Submitted February 27, 2019 – Decided May 17, 2019

    Before Judges Accurso and Moynihan.

    On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 08-06-1451.

    Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

    Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Nicole L. Campellone, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant David Shepherd pleaded guilty in July 2009 to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a).  Under the terms of the plea agreement, the State recommended a "[s]entence in the court's discretion not to exceed [twenty-two] years."[1]  Defendant appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing on June 7, 2012.[2]  He presents a single argument on appeal:

> DEFENDANT IS ENTITLED TO POST-CONVICTION RELIEF BECAUSE PLEA COUNSEL WAS INEFFECTIVE IN FAILING TO ADVISE THE COURT OF AN INCORRECT CONVICTION, WHICH IMPACTED HIS SENTENCE.

The "incorrect conviction" to which defendant refers was a fourth-degree aggravated assault for pointing or displaying a firearm at or in the direction of a law enforcement official, N.J.S.A. 2C:12-1(b)(9).  It was listed in the court history section of the presentence report prepared after defendant pleaded guilty

---

[1]  The sentence was subject to the No Early Release Act, N.J.S.A. 2C:43-7.2(a), (c).

[2]  The State argues in its merits brief that defendant's claims are procedurally barred because he "filed a motion to file a notice of appeal as within time on June 6, 2017, over five years from the original denial of relief."  We granted that motion and referred the matter to the Office of the Public Defender on October 6, 2017.  Having already addressed the timeliness issue by granting the motion, we will not reconsider it now.  See State v. K.P.S., 221 N.J. 266, 276 (2015) (noting that the law-of-the-case doctrine prevents relitigation of resolved issues in the same case).

to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), an amended charge to the indicted crime of first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2). Defendant avers the victim of the fourth-degree aggravated assault – commonly referred to as a "pointing" – was a civilian, not a law enforcement officer. He contends his plea counsel was ineffective for failing to: investigate the accuracy of the information contained in the pre-sentence report; advise the sentencing judge of the inaccuracy; and file a motion for reconsideration of sentence after the judge imposed a twenty-two year prison term. Defendant, in his merits brief, claims counsel's inaction prejudiced him because the judge "was heavily influenced by the false conviction and sentenced [defendant] to a lengthier prison term, rather than the nineteen-year term plea counsel requested."

Absent an evidentiary hearing, our review of the factual inferences drawn from the record by the PCR court is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Likewise, we review de novo the PCR court's legal conclusions. Ibid.

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by showing "that counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

The PCR judge – who was also the sentencing judge – noted that during the sentencing proceedings, defendant's counsel represented, in defendant's presence, that "my client and I reviewed the presentence report together" and that defendant "indicate[d] that the information is accurate." Defendant's bare assertion that his counsel failed to investigate the inaccuracy in the presentence report, belied by the record, is "insufficient to support a prima facie case of ineffectiveness." State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999); see also Blake, 444 N.J. Super. at 299. Defendant reviewed the presentence report and voiced no objection when his counsel told the judge that the report was accurate. Defendant presently claims that "an evidentiary hearing [should be] granted to fully explore why plea counsel failed to advise the court that [defendant] was not convicted of pointing a weapon at a law enforcement officer." An evidentiary hearing, however, is not a proper vehicle to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997).

4

Moreover, defendant has failed to meet the second <u>Strickland</u>-<u>Fritz</u> prong by showing he was prejudiced by counsel's alleged ineffective assistance. During the PCR hearing the judge assumed arguendo that defense counsel did not correct the mistake in the presentence report and, in effect, reconsidered the sentence recognizing the victim of the pointing was a civilian. The judge reviewed defendant's extensive criminal history, including six adult convictions, recognized defendant was extended-term eligible and concluded:

> In the grand scheme of this sentence[,] an argument that had I known that that was a civilian and not a police officer . . . would have made me lower this sentence from [twenty-two] years to [twenty-one] or [twenty] . . . was not going to happen in this courtroom. I could tell you that unequivocally.

The judge went on to delineate the totality of the circumstances that buttressed his determination, including defendant's adult bench warrants and a violation of probation as well as a juvenile history that included twenty adjudications, eight violations of probation and two temporary restraining orders "by two separate women." The judge described defendant's entire course of conduct as "non-law abiding from the time [defendant was] a young kid through [eighteen years of age] and now . . . continuing . . . as an adult and it's escalating." The judge found defendant's record showed "a propensity for violence," and painted "a picture that doesn't deserve" a twenty-two year

5

sentence, especially considering that sentence was to run concurrent, under the plea agreement, to a four-year prison term for third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1), and an eighteen-month prison term for fourth-degree possession of a weapon by a convicted person, N.J.S.A. 2C:39-7, as charged under two other separate indictments.

Considering the judge's determination, defendant has failed to show a reasonable probability that a motion to reconsider his sentence would have been successful. See State v. Roper, 362 N.J. Super. 248, 255 (App. Div. 2003) (holding "[i]n an ineffective assistance claim based on failure to file a suppression motion, the prejudice prong requires a showing that the motion would have been successful"). We also agree with the judge's conclusion that defendant was not prejudiced by the fact that the presentence report error was not brought to his attention. As the judge said, if he had known about the pointing victim's true identity, "[i]t wouldn't have changed anything."

Finally, we determine defendant's contention in his merits brief that the judge, when reviewing defendant's prior record of convictions, "prefaced the pointing conviction as 'most importantly[,]' adding the court 'never condones' pointing a weapon at a law enforcement officer," is meritless. Defendant misconstrues the judge's reasoning. The judge reviewed defendant's prior

indictable convictions for "possession of a weapon, aggravated assault and, most importantly, pointing a weapon at a law-enforcement officer, which this [c]ourt never condones," and found a likelihood defendant would reoffend. The phrase, "most importantly," in context, related to the pointing in comparison to the possession of a weapon and aggravated assault.

Inasmuch as defendant has failed to meet either prong of the Fritz-Strickland standard, we affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4307-17T4