827 A.2d 1099

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. WILLIE ROPER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted June 23, 2003—Decided July 18, 2003.

Before Judges PRESSLER, WEISSBARD and PARRILLO.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Patricia Nichols,* Designated Counsel, on the brief).

*J. David Meyer,* Acting Cape May County Prosecutor, attorney for respondent (*J. Vincent Molitor,* Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

WEISSBARD, J.A.D.

Defendant Willie Roper appeals from the dismissal of his petition for post-conviction relief (PCR) on the basis that he lacked "standing." We reverse and remand for consideration of the merits of defendant's petition.

After a bench trial, defendant was convicted of all five counts of an indictment charging the following offenses: possession of co-

caine, *N.J.S.A.* 2C:35–10a(1)(count one); distribution of cocaine, *N.J.S.A.* 2C:35–5a(1) and *N.J.S.A.* 2C:35–5b(3)(count two); conspiracy to distribute cocaine, *N.J.S.A.* 2C:35–5a(1), *N.J.S.A.* 2C:35–5b(3) and *N.J.S.A.* 2C:5–2 (count three); distribution of cocaine within 1000 feet of school property, *N.J.S.A.* 2C:35–5a(1) and *N.J.S.A.* 2C:35–7 (count four); conspiracy to distribute cocaine within 1000 feet of school property, *N.J.S.A.* 2C:35–7, *N.J.S.A.* 2C:35–5a(1) and *N.J.S.A.* 2C: 5–2 (count five). Another indictment charging witness tampering and terroristic threats, consolidated for trial, was dismissed at the conclusion of the State's case pursuant to *R.* 3:18–1.

On his conviction defendant was sentenced to an aggregate term of four years with three years of parole ineligibility. In an unpublished opinion filed March 20, 2001, we affirmed defendant's conviction and on June 21, 2001 his petition for certification was denied. *State v. Roper,* 169 *N.J.* 607, 782 *A.*2d 424 (2001). Defendant filed the present PCR petition on December 7, 2002.

In our prior opinion we stated the following:

For the first time on appeal, defendant contends that the evidence seized from his co-defendant, Timothy William Beck, was the product of an illegal search and seizure and should have been suppressed. *R.* 3:5–7(a) requires a motion to suppress to be made prior to trial. A defendant who fails to timely file a motion to suppress is deemed to have waived any objection during trial to the admission of evidence on the ground that such evidence was unlawfully obtained. *R.* 3:5–7(f); *State v. Martin,* 87 *N.J.* 561, 566–67, 436 *A.*2d 96 (1981).

Here, defendant failed to file a motion to suppress. We elect not to exercise original jurisdiction pursuant to *R.* 2:10–5 and consider the suppression issues on direct appeal, since the record does not provide sufficient basis for disposition without further fact-finding. *Burns v. Belafsky,* 166 *N.J.* 466, [472] 766 *A.*2d 1095 (2001). The case was not tried with suppression issues in mind. Moreover, there may have been sound tactical considerations that caused counsel not to file a motion to suppress. Accordingly, we conclude that the best course is to preserve the issue for a possible petition for post-conviction relief. *See State v. Fisher,* 156 *N.J.* 494, 507–08, 721 *A.*2d 291 (1998). In such a proceeding, the judge can consider the explanation given by counsel, if any, in failing to file a motion to suppress, and make the ultimate determination whether counsel's performance was deficient or ineffective. *Strickland v. Washington,* 466 *U.S.* 668, 686, 104 *S.Ct.* 2052, 2063, 80 *L.Ed.*2d 674, 692 (1984); *State v. Fritz,* 105 *N.J.* 42, 53–58, 519 *A.*2d 336 (1987). If counsel's performance was deficient, the judge will then have to decide whether the deficient performance prejudiced the defense. *Ibid.* In order to

determine whether defendant was prejudiced, the court, of necessity, will need to consider the potential merits of a claim of unlawful search and seizure. Obviously, counsel cannot be deemed ineffective for failing to raise arguments that are ultimately deemed without merit. *State v. Worlock,* 117 *N.J.* 596, 625, 569 *A.*2d 1314 (1990). Therefore, if defendant's arguments regarding the search and seizure lack merit, counsel cannot be deemed ineffective for failing to raise them.

We concluded as follows:

> Defendant's conviction is affirmed, with the understanding that his claim for ineffective assistance of counsel is preserved in order to enable him to file a motion for post-conviction relief, should he elect to do so.

At the hearing on defendant's PCR petition, the judge, who was not the judge that had presided at defendant's trial (that judge having retired), sua sponte raised the question of whether the matter was "moot" because, as defense counsel informed the court, defendant had served his jail term and was no longer on parole, thus having fully completed his sentence. After being further informed that defendant had ten prior indictable convictions, some of which were for drug offenses, the judge concluded as follows:

> THE COURT: I don't think that a trial court judge is the person who should be deciding the potentially extremely significant question of whether or not a defendant in his position has standing. But I also believe that a trial court judge should not be, as a matter of judicial administration, investing time on an application by a person who is no longer serving any portion of their sentence, who has ten prior indictable convictions, particularly in a situation where, in my opinion—and I just mention this in passing. I'm not even going to let you reach the issue—how would that have been a meritorious motion to suppress?
>
> . . . .
>
> But we'll let the Appellate Division figure out the very significant issue of whether a person who's done with his sentence, not interested enough to stay in court, and has ten priors has standing.
>
> . . . .
>
> I have a lot of trouble with this particular case, and I don't think it would be appropriate for a trial court judge to be deciding a question of standing in this particular case when, theoretically, it would have all kinds of implications. Let the Appellate Division address it.

At the outset we note our dismay at the reluctance of the PCR judge to decide "the potentially extremely significant question" of whether a defendant who has fully completed his sentence may nevertheless receive an adjudication on the merits of a timely filed PCR petition. On the contrary, it is the trial court's respon-

sibility in the first instance to address and render a reasoned opinion upon any question brought before it, not to avoid the issue and defer it entirely to this court. Thus, we disagree with the PCR judge's conclusion that it was not "appropriate" for a trial court to decide the question and thereby provide us with the benefit of its thinking. While the able judge may have been simply venting frustration, her comment that "we'll let the Appellate Division figure [it] out" was not only unhelpful, but inappropriate.

In any event, defendant has placed the issue before us and offered cogent reasons why completion of his sentence did not strip him of "standing" or, stated differently, render his petition moot. The State, however, has provided a response that can only be considered unprofessional and beneath the dignity of a public prosecutor charged with seeing that justice be done. *Berger v. United States*, 295 *U.S.* 78, 88, 55 *S.Ct.* 629, 633, 79 *L.Ed.* 1314, 1321 (1935); *State v. Ramseur*, 106 *N.J.* 123, 320, 524 *A.*2d 188 (1987). We quote, in full, the State's response:

## POINT II

### THE STATE TAKES NO POSITION ON THE ISSUE OF STANDING

Since the issue of whether Defendant has standing to challenge his conviction is a novel one, the State leaves that issue in the discretion of this court.

 We cannot countenance such blatant disregard of the rules which in spirit, if not in letter, require a factual and legal reply to every issue raised by an appellant. *See R.* 2:6–2(a)(5), 2:6–4(a). If no authority can be found after diligent search that fact should be stated and the best logical argument advanced. If neither law nor logic supports the State's position, then it may be necessary to concede defendant's position. What is unacceptable, indeed disrespectful, is what we have here—an avoidance of responsibility to address an issue of apparent first impression.

■ Nevertheless, the issue is squarely presented to us and rather than remand for the purpose of having the PCR judge explore the issue, which is properly addressed under the concept of mootness rather than standing, and provide us with a meaningful opinion to review, we opt to resolve the question now.

■ As the Court noted in *State v. Preciose,* 129 *N.J.* 451, 459, 609 *A.*2d 1280 (1992), PCR "is New Jersey's analogue to the federal writ of habeas corpus." The federal habeas corpus remedy does contain an express "in-custody" requirement. 28 *U.S.C.A.* § 2254(a). Such a condition could have been, but was not, placed into the PCR rules when they were adopted in 1963. Yet, even the federal custody requirement has been interpreted to permit jurisdiction and forestall a claim of mootness when there are collateral consequences flowing from the conviction. *Spencer v. Kemna,* 523 *U.S.* 1, 7–8, 118 *S.Ct.* 978, 983, 140 *L.Ed.*2d 43, 50 (1998); *Barone v. Brown,* 126 *F.Supp.*2d 805 (D.N.J.2001). *See also In the Matter of Hackett,* 190 *N.J.Super.* 300, 463 *A.*2d 376 (App.Div.1983) (discussing the effect of a grant of federal habeas corpus relief on state collateral consequences flowing from the original conviction). Not only do our rules not require that a PCR petitioner be in custody, but we have been unable to find a single case since adoption of the rules that interprets the remedy to include such a condition. As a general matter, we conclude that no such requirement exists. We have no occasion to address the hypothetical case in which it could be demonstrated that a petitioner not only was not in custody but stood to suffer no collateral consequence whatsoever from the conviction being attacked. Such a case would be rare indeed. Whether such a circumstance would render the case moot is a question for another day.

In this case there is no doubt that defendant is subject to a consequence of magnitude from his conviction. Although he has a lengthy criminal history, this was defendant's first drug distribution conviction, a fact that defense counsel pointed out to the PCR judge. As such, this conviction makes him eligible for a mandatory extended term, with a period of parole ineligibility, if he is

convicted again of distributing, manufacturing, dispensing or possessing with intent to distribute a controlled substance. *N.J.S.A.* 2C:43–6f. Accordingly, defendant's petition is not moot, and the PCR judge's conclusion to the contrary was erroneous.

As a result, the case must be remanded for consideration of the merits of the petition. In that regard, we reject defendant's contention that our prior opinion required an evidentiary hearing. If, as the PCR judge suggested but did not decide, the record is already sufficient to conclude that the search of Beck was based on probable cause, then defendant would be unable to establish the "prejudice prong" of the ineffective assistance of counsel standard established by *Strickland v. Washington,* 466 *U.S.* 668, 104 *S.Ct.* 2052, 80 *L.Ed.*2d 674 (1984), and adopted in New Jersey by *State v. Fritz,* 105 *N.J.* 42, 60, 519 *A.*2d 336 (1987). In an ineffective assistance claim based on failure to file a suppression motion, the prejudice prong requires a showing that the motion would have been successful. *State v. Fisher,* 156 *N.J.* 494, 501, 721 *A.*2d 291 (1998)(citing *Kimmelman v. Morrison,* 477 *U.S.* 365, 375, 106 *S.Ct.* 2574, 2583, 91 *L.Ed.*2d 305, 319 (1986)); *State v. Worlock,* 117 *N.J.* 596, 625, 569 *A.*2d 1314 (1990). Thus, before inquiring into whether counsel had a defensible reason for not filing the motion, the court may decide first if the motion had any merit; if not, the inquiry is over. We leave the exact course of the proceedings on remand to the sound discretion of the PCR judge.

We find that the other arguments raised by defendant are without sufficient merit to warrant discussion. *R.* 2:11–3(e)(2). In particular, defendant did not have any right to have the original trial judge, now retired, hear the PCR matter, whether that judge was on recall or not.

Reversed and remanded for further proceedings consistent with this opinion.