875 A.2d 954

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. WILLIE ROPER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 2, 2005—Decided June 13, 2005.

Before Judges CUFF, WEISSBARD and HOENS.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Mark Zavotsky,* Designated Counsel, on the brief).

*Robert L. Taylor,* Cape May County Prosecutor, attorney for respondent (*J. Vincent Molitor,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

WEISSBARD, J.A.D.

Defendant Willie Roper appeals from the denial of his petition for post-conviction relief (PCR). We affirm.

In an opinion filed July 18, 2003, we remanded defendant's PCR application for disposition on the merits with respect to his contention that trial counsel rendered constitutionally ineffective assistance by failing to file a motion to suppress tangible evidence. *State v. Roper,* 362 *N.J.Super.* 248, 827 *A.*2d 1099 (App.Div.2003). The background of the case is set forth in our prior opinion and need not be repeated here. *Id.* at 251–52, 827 *A.*2d 1099. We stated that on remand, the PCR judge could decide on the record already established whether the motion to suppress had merit. If it had no merit, then defendant would be unable to establish the "prejudice prong" of the ineffective assistance of counsel standard established by *Strickland v. Washington,* 466 *U.S.* 668, 104 *S.Ct.* 2052, 80 *L.Ed.*2d 674, *reh'g denied,* 467 *U.S.* 1267, 104 *S.Ct.* 3562, 82 *L.Ed.*2d 864 (1984); *State v. Worlock,* 117 *N.J.* 596, 625, 569 *A.*2d 1314 (1990); *Roper, supra,* 362 *N.J.Super.* at 255, 827 *A.*2d 1099.

On remand, the judge reviewed the facts bearing on the search of July 11, 1998, and concluded that any motion to suppress would have been denied, citing *State v. Anaya,* 238 *N.J.Super.* 31, 568 *A.*2d 1208 (App.Div.1990), *rev'd on other grounds, State v. Dillihay,* 127 *N.J.* 42, 49–50, 601 *A.*2d 1149 (1992). We agree. Based on his observations, Officer Clemens had probable cause to believe

that he had witnessed a drug transaction and to search Beck. *See also State v. Guerrero*, 232 *N.J.Super.* 507, 557 *A.*2d 713 (App.Div. 1989). We reject defendant's argument to the contrary. As a result, defendant's claim of ineffective assistance of counsel has lost one of its legs and falls.

We reject as entirely without merit defendant's argument that we should exercise our original jurisdiction pursuant to *R.* 2:10–5 and review the matter de novo. *R.* 2:11–3(e)(1)(E).

Affirmed.