**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3950-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHIQUAN D. BELLAMY,

     Defendant-Appellant.

_____

Submitted September 22, 2020 – Decided October 5, 2020

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 10-10-1805 and 10-11-2041.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Shiquan D. Bellamy faced two indictments charging him with three homicides and other related charges[1] when he accepted the State's offer of concurrent twenty-five-year State prison terms in return for his guilty pleas to three amended charges of first-degree manslaughter, N.J.S.A. 2C:11-4(a); all three terms were to run consecutive to two life sentences defendant was already serving.  After withdrawing his motion to retract the plea, defendant was sentenced in accordance therewith.  He appeals from the order denying his petition for post-conviction relief (PCR) without an evidentiary hearing, arguing:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR PROVIDING AFFIRMATIVE MISADVICE, FAILING TO INVESTIGATE, AND FAILING TO REVIEW DISCOVERY, ALL DURING THE PRETRIAL

---

[1] Indictment 10-10-1805 charged:  Two counts of murder, N.J.S.A. 2C:11-3(a)(1) and N.J.S.A. 2C:11-3(a)(2); two counts of felony murder, N.J.S.A. 2C:11-3(a)(3); two counts of armed robbery, N.J.S.A. 2C:15-1; six counts of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); two counts of unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); one count unlawful possession of a rifle, N.J.S.A. 2C:39-5(c)(1); and one count of certain persons not to have weapons, N.J.S.A. 2C:39-7(b).  Indictment 10-11-2041 charged:  One count of murder, N.J.S.A. 2C:11-3(a)(1) and 2C:11-2(a)(2); one count of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and one count of unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(2).

PROCESS, WHICH LED HIM TO PLEAD GUILTY WHEN HE OTHERWISE WOULD HAVE GONE TO TRIAL.

POINT TWO

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE TOLD HIM THAT THE JURY WOULD HEAR ABOUT HIS LIFE SENTENCES AND FIND HIM GUILTY.

Reviewing the factual inferences drawn by the PCR court from the record and its legal conclusions de novo because no evidentiary hearing was conducted, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), and determining defendant did not present a prima facie case of ineffective assistance of counsel, we affirm.

An evidentiary hearing should be held only if a defendant presents "a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b). In order to establish a prima facie case, "a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in Strickland[.]"[2] Preciose, 129 N.J. at 463. Merely raising a claim for PCR

_____

[2] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466

without more does not entitle a defendant to an evidentiary hearing.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  A "defendant must allege specific facts and evidence supporting his allegations," State v. Porter, 216 N.J. 343, 355 (2013), and "do more than make bald assertions that he was denied the effective assistance of counsel," Cummings, 321 N.J. Super. at 170.

Defendant contends he could not make a fully informed decision to plead guilty due to his counsel's ineffectiveness during plea negotiations, alleging counsel failed to investigate, obtain and review discovery with him, told him that a motion to change venue would be denied without the ability to appeal, and that the jury would hear about his life sentences even if he did not testify.

Defendant argues his counsel never questioned an eyewitness in connection with the shotgun death charged in Indictment 10-11-2041—which defendant purports was caused by an accidental discharge—to find out what the eyewitness "could have said to help his case"; and, notwithstanding his

---

U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.

A-3950-18T1

statement to the police that he was present, armed[3] and participated in the scheme to rob the shooting victims, failed to investigate witnesses in the area of the two homicides charged in Indictment 10-10-1805, or talk to the friend to whose house he went after he left the scene of those crimes to corroborate that defendant was not present and did not shoot the victims. But, defendant did not support his arguments with affidavits or certifications from any of the potential witnesses or reveal specific facts counsel's investigation would have uncovered. See Cummings, 321 N.J. Super. at 170 (citing R. 1:6-6). Nor did he point to any witness statement that backed his arguments. In fact, he has not performed any of the investigations which he complains his counsel neglected, making nothing more than bald assertions as to what the investigations would have revealed. In other words, defendant did not meet the mandate that a defendant identify what the investigation would have revealed and demonstrate that the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65 (citing United States v. Rodgers, 755 F.2d 533, 541 (7th Cir. 1985)).

So too, defendant has not satisfied the second Strickland/Fritz prong by specifying what discovery counsel failed to review with him and how a review of that discovery would have made a difference in the case; that is, how his

---

[3] Defendant told police the handgun he possessed was inoperable.

decision to plead guilty was impacted by his counsel's failure to review particular items in discovery.

Defendant also failed to support his claims regarding counsel's misadvice with anything except his word that counsel advised him the judge would not grant the motion for change of venue defendant asked counsel to file and no appeal could be taken, and the jury would "automatically know . . . he was serving two life sentences" even if he did not testify at trial.

As to the former contention, although defendant claims in his merits brief both "cases were highly publicized in the local news," he did not reveal the nature and scope of that publicity by submitting the news items. Moreover, he did not show the motion would have been successful by proffering evidence that a change of venue was "necessary to overcome the realistic likelihood of prejudice from pretrial publicity." State v. Williams, 93 N.J. 39, 67 n.13 (1983). Absent any proffer by defendant, we are unable to determine if the alleged pretrial publicity simply reported the facts of the case or was presumed or actually prejudicial so as to make seating an impartial jury impossible, requiring a change of venue. See State v. Harris, 156 N.J. 122, 142-45 (1998). Because he did not show a reasonable probability "that the motion would have been

successful," defendant failed to establish defense counsel was ineffective. See State v. Roper, 362 N.J. Super. 248, 255 (App. Div. 2003).

We also note defendant has not cited to any portion of a transcript or other portion of the record, or submitted an affidavit or certification of counsel, that he advised defendant his life terms would be disclosed to the jury. We recognize such advice may very well have been given in a privileged consultation. Nevertheless, we agree with the PCR court that defendant failed to prove "there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985), see also State v. DiFrisco, 137 N.J. 434, 457 (1994). Although the PCR court did not include defendant's allegation concerning counsel's advice about disclosure of his life sentences to the jury in finding

> all indications point to the conclusion that it would not have been rational for [defendant] to insist upon going to trial when he was already serving a life sentence on other charges, even had counsel recommended that [defendant] make the motion for change of venue, reviewed evidence with [defendant], or conducted more thorough pretrial investigation[,]

we agree that same rationale applies to that allegation.

Defendant was facing a double-life term. The plea offer he accepted—an aggregate twenty-five-year term on three concurrent sentences, albeit

consecutive to the double-life term—was less than the minimum he faced—at least two, if not three, thirty-year terms without parole eligibility—if convicted of the three homicides at trial. There was no upside to rejecting the plea offers on aggravated manslaughter charges and going to trial, considering defendant admitted to the felony murder of two individuals and to the accidental shooting of another as he carried a loaded shotgun on a public street. Defendant makes no proffer as to how a better result would have been realized if he went to trial.

Considering our de novo review, Blake, 444 N.J. Super. at 294, we decline to remand this matter for the PCR court to address defendant's argument regarding the misadvice about the disclosure of his life terms to the jury. See R. 3:22-11 ("In making [a] final determination upon a [PCR] petition, the court shall state separately its findings of fact and conclusions of law[.]"). Defendant failed to establish a prima facie case, and the PCR court properly denied his request for an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3950-18T1