**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3957-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CLIFFORD STEPHENS,
a/k/a CLIFFORD J. STEVENS,
CLIFFORD JAY STEVENS,
CLIFFORD STEVENS,

     Defendant-Appellant.

_____

Submitted September 29, 2020 – Decided January 8, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-12-3514.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a March 4, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his trial counsel rendered ineffective assistance. Judge Michele M. Fox entered the order denying PCR and rendered a comprehensive and well-reasoned twenty-nine-page written opinion. We affirm.

Defendant does not contest that he shot and killed the victim. Defendant was charged by indictment with first-degree murder, N.J.S.A. 2C:11-3(a)(1); two counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree carjacking, N.J.S.A. 2C:15-2; first-degree robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a); two counts of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d); and two counts of second-degree possession of a firearm by a previously-convicted person, N.J.S.A. 2C:39-7(b). In March 2015, defendant pled guilty to a reduced charge of aggravated manslaughter, N.J.S.A 2C:11-4(a)(1). In accordance with the negotiated plea agreement, the State dismissed counts all other charges. Judge Fox sentenced defendant to a term of twenty-eight years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. We upheld the

conviction and sentence.[1]  State v. Stevens, No. A-4576-14 (App. Div. Dec. 15, 2015) (slip op. at 1).

On appeal, defendant argues:

> POINT I
> THE PCR [JUDGE] ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING [PLEA] COUNSEL'S FAILURE TO FILE A SUPPRESSION MOTION, ESPECIALLY WHEN PLEA COUNSEL'S HANDWRITTEN NOTES INDICATED [DEFENDANT] REQUESTED THE MOTION BE FILED.  (Raised Below).
>
> POINT II
> THE PCR [JUDGE] ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING [PLEA] COUNSEL'S FAILURE TO NEGOTIATE A PLEA OFFER LESS THAN TWENTY-EIGHT YEARS SUBJECT TO NERA.  (Raised Below).
>
> POINT III
> THE PCR [JUDGE] ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING [PLEA] COUNSEL'S FAILURE TO INVESTIGATE AND RAISE MITIGATING FACTOR [FOUR] AT SENTENCING.  (Raised Below).

---

[1]  We remanded for the limited purpose of correcting typographical errors in the judgment of conviction as to defendant's date of birth and the spelling of defendant's name from "Stevens" to "Stephens."

A-3957-18T1

We disagree and affirm substantially for the reasons given by Judge Fox in her thorough and thoughtful written opinion. We add the following remarks.

To obtain relief based on ineffective assistance of counsel, a defendant must demonstrate not only that counsel's performance was constitutionally deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). This two-part test was adopted by the New Jersey Supreme in State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of the Strickland/Fritz test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Furthermore, a defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant "must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)).

A-3957-18T1

We first address defendant's argument that his trial counsel rendered ineffective assistance by failing to file a <u>Miranda</u>[2] motion. As Judge Fox aptly noted, by pleading guilty pursuant to the negotiated agreement, defendant waived the right to file pretrial motions. The transcript of the plea colloquy confirms that defendant knowingly and expressly waived this right.

We agree with Judge Fox that any such motion to suppress would have been unsuccessful. "[W]hen counsel fails to file a suppression motion, the defendant not only must satisfy both parts of the <u>Strickland</u> test but also must prove that his [constitutional] claim is meritorious." <u>State v. Fisher</u>, 156 N.J. 494, 501 (1998) (citing <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 375 (1986)). <u>See also</u> <u>State v. Roper</u>, 362 N.J. Super. 248, 255 (App. Div. 2003) ("In an ineffective assistance claim based on failure to file a suppression motion, the prejudice prong requires a showing that the motion would have been successful.") (citing <u>Fisher</u>, 156 N.J. at 501).

Defendant contends that during the custodial interrogation, police did not scrupulously honor his request to stop when he asserted that he was hungry and was not feeling well, when he asserted that he needed a cigarette, and when he asserted "I don't know nothing" with respect to the shooting. As Judge Fox

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

noted, defendant continued to engage the officers in conversation. The transcript of the interrogation clearly shows that defendant's request for a cigarette, which police complied with, and his claim that he was hungry and not feeling well were not assertions of the right to terminate questioning. Nor did defendant assert the right to stop questioning when he claimed to know nothing about the fatal shooting. That statement, rather, was an exculpatory denial of complicity in the homicide, consistent with his claim that he was being framed by someone else.

Defendant also contends the officers did not honor his request to speak to an attorney when he stated, "I want to have somebody here with me" and then "I just rather have somebody here with me, an attorney, come and (inaudible)."[3]

---

[3] The relevant portion of the interrogation is as follows:

> Clifford Stephens (CS): I want to have somebody here with me.
> Detective Kevin Lutz (KL): What, um, can you explain to me one thing?
> CS: What?
> KL: How you ended up from South Camden to East Camden?
> CS: I just went[sic] rather have my lawyer here with me.
> KL: I'm sorry, I can't hear ya.
> CS: I just rather have somebody here with me, an attorney, come and (inaudible).
> Sr. Investigator Lance Saunders (LS): Ok my friend, come on.

The record before us shows that at the moment defendant mentioned the word "attorney," police scrupulously honored his invocation of the right to counsel and ceased posing further questions. Even were we to assume that police should have interpreted defendant's immediately preceding statement "I want to have someone here with me" as either a request for an attorney or a request to stop the interrogation, we note that defendant did not answer the officer's subsequent question. Any motion to suppress on this ground, therefore, could not have changed the outcome because there was nothing to suppress.

We likewise reject defendant's argument that counsel was ineffective for failing to negotiate a more favorable plea bargain. Defendant argues "there was room to negotiate" because the State's plea offer of twenty-eight years was only two years less than the maximum sentence, he could have received on his aggravated manslaughter conviction. However, that argument proceeds from the wrong premise. Defendant was indicted for murder and thus faced a life term of imprisonment. N.J.S.A. 2C:11-3(b). The <u>minimum</u> sentence for murder is thirty years without possibility of parole. <u>Ibid.</u> By pleading guilty pursuant to the plea agreement to the lesser offense of aggravated manslaughter, defendant significantly reduced his penal exposure. Defendant received a twenty-eight year NERA sentence that included a 23.8-year term of parole

7

ineligibility (85% of the sentence).[4] We note that had defendant been convicted of murder, he would have been subject to a statutory minimum parole ineligibility term of thirty years—over six years more than the negotiated term of parole ineligibility he actually received.

It also bears noting that as a result of the negotiated agreement, the State dismissed the remaining ten counts in the indictment—including two certain persons gun charges—which might have resulted in consecutive sentences. We therefore deem it to be baseless speculation that counsel could somehow have induced the prosecutor to tender a more generous plea offer. We add that defendant at the plea colloquy stated that he was satisfied with his counsel's services. As such, his subsequent change of heart affords no basis for the relief he now seeks.

Finally, we reject defendant's contention that he would have received a lesser sentence had counsel investigated his mental health issues and argued for application of mitigating factor four, N.J.S.A. 2C:44-1(b)(4).[5] In support of his

---

[4] As noted, we upheld that sentence on direct appeal, ruling "the sentence is not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." Stevens, No. A-004576-14 (slip op. at 1).

[5] N.J.S.A. 2C:44-1(b)(4) establishes a mitigating sentencing factor where "[t]here were substantial grounds tending to excuse or justify defendant's conduct, though failing to establish a defense."

8

PCR contention, defendant produced a pre-sentence report from an earlier conviction and prison medical records from March 2012. A close examination of these documents shows that while defendant claims to have received outpatient mental health treatment, he denied having any mania, psychosis, or major depressive disorder. The medical records include a notation that "[q]uestions arise about the presence of malingering vs an underlying depressive and/or psychotic [disorder]."

We note that Judge Fox reviewed this information prior to sentencing and found no reason to reject the plea or undercut the sentence contemplated in the plea agreement. Furthermore, defendant has produced no new evidence or certification as to his mental health at the time of the present homicide. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding that "when a [defendant] claims his trial [counsel] inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.") (citation omitted). Judge Fox aptly concluded in her PCR opinion that defendant presented no insight into "what further investigation into his mental health would have revealed that would have resulted in a reduction of his sentence under the plea agreement[.]"

We add that Judge Fox was the judge who accepted the guilty plea and imposed sentence. At the sentencing hearing, she found that the aggravating factors clearly, convincingly, and substantially outweighed the mitigating factors, and we upheld that finding on direct appeal. We see no reason to disturb her conclusion that the additional factor relating to defendant's mental health would not have tipped the scales and changed the sentencing outcome. Strickland, 466 U.S. at 695.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3957-18T1