# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1295-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRIAN A. MOORE, a/k/a
BRAIN J. MOORE, and
DAVID J. MOORE,

    Defendant-Appellant.

_____

Submitted May 29, 2025 – Decided August 26, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 14-09-2679.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brian A. Moore appeals from the July 12, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The underlying facts were detailed in our prior opinion affirming defendant's conviction, and we incorporate them by reference. State v. Moore, No. A-2528-16 (App. Div. Jan. 31, 2019) (slip op. at 3-4).

Following an investigation into prostitution at a motel, a Camden County grand jury issued a fourteen-count indictment charging defendant with human trafficking and prostitution offenses. Id. at 2-3. Defendant represented himself during the trial, with his pre-trial counsel available as standby counsel. He was convicted of: four counts of first-degree human trafficking by facilitating access to controlled dangerous substances, N.J.S.A. 2C:13-8(a)(1)(g) (counts four through seven); first-degree human trafficking by receiving value as an organizer, N.J.S.A. 2C:13-8(a)(2) (count eight); and six counts of third-degree promoting prostitution, N.J.S.A. 2C:34-1(b)(2) (counts nine through fourteen). Id. at 2.

In a December 21, 2016 judgment of conviction (JOC), defendant was sentenced to twenty years with a twenty-year mandatory parole ineligibility term

on count eight, which was merged with counts four through seven, and four years with a two-year parole ineligibility term each on counts nine through fourteen, to run concurrently with each other and the twenty-year term. Ibid. The sentencing court confirmed defendant understood his appeal and PCR rights and timeframes for filing each.

Following our affirmance, defendant filed a petition for PCR which, although dated December 21, 2021,[1] was filed by the Camden County Criminal Division on April 19, 2022. Defendant claimed ineffective assistance, alleging counsel refused to file pre-trial motions to suppress the arrest warrant,[2] evidence seized from the consent search of defendant's hotel room and evidence seized from defendant's vehicle, which caused defendant to file the motions pro se. Defendant also claimed counsel withheld discovery from him. Appointed PCR counsel filed a supplemental brief arguing the petition was not time-barred and counsel was ineffective by failing to file a motion to suppress the arrest warrant.

---

[1] Defendant's notice of motion, verified petition and certification of service were dated December 21, 2021, and his brief and appendix were dated December 8, 2021.

[2] The trial court considered the motion to suppress the arrest warrant as a motion to dismiss the indictment.

The PCR court's July 12, 2023 opinion and order denied the petition as time-barred under Rule 3:22-12(a).  Although the petition was out of time, the court also denied it pursuant to Rule 3:22-5, which precludes PCR based on a ground for relief that was previously adjudicated.

II.

On appeal, defendant reprises the same issues he raised before the PCR court:

> POINT ONE
>
> DEFENDANT DEMONSTRATED A PRIMA FACIE CLAIM FOR [PCR] WHICH ENTITLED HIM TO AN EVIDENTIARY HEARING.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND PETITIONS FOR [PCR].
>
> B. THE PCR COURT IMPROPERLY DENIED DEFENDANT'S PETITION ON PROCEDURAL GROUNDS, AS THE TIME[ ]BAR SET FORTH IN R[ULE] 3[:]22-12(a)(2) SHOULD HAVE BEEN RELAXED TO PREVENT A FUNDAMENTAL INJUSTICE.
>
> C. THE PCR COURT IMPROPERLY INVOKED THE PROCEDURAL BAR OF R[ULE] 3:22-5.
>
> D. BY REFUSING TO PURSUE THE PRE-TRIAL MOTIONS REQUESTED BY DEFENDANT,

4

WHICH RESULTED IN DEFENDANT'S SELF-REPRESENTATION, COUNSEL PROVIDED DEFENDANT INEFFECTIVE ASSISTANCE.

We review the legal conclusions of a PCR judge de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

We first address timeliness. Rule 3:22-12(a)(1) provides that "no [first] petition shall be filed . . . more than [five] years after the date of entry . . . of the [JOC] that is being challenged." The five-year period commences when the JOC is entered and is neither stayed nor tolled by appellate or other review proceedings. State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986). In criminal actions, "a paper is filed with the trial court if the original is filed . . . with the Criminal Division Manager in the county of venue," unless a judge's chambers accepts it for filing. R. 1:5-6(b)(2).

Rule 3:22-12(a)(1)(A) permits the filing of a petition outside the five years if the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Our Supreme Court has cautioned

5

Rule 3:22-12(a) "should be relaxed only 'under exceptional circumstances.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

To establish excusable neglect, a defendant must demonstrate "more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super 149, 159 (App. Div. 2009). In assessing whether a defendant has demonstrated excusable neglect, a court must weigh "the extent of the delay," "the purposes advanced by the five-year rule," "the nature of defendant's claim[,] and the potential harm . . . realized" by the defendant. State v. Murray, 162 N.J. 240, 251 (2000). Additionally, the court must weigh the "cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Norman, 405 N.J. Super. at 159 (quoting Afanador, 151 N.J. at 52).

Here, defendant filed his petition almost four months out of time. He offered no explanation for the delay or documentation of mailing other than his certification of service, which indicated he served the petition on December 21, 2021 "through the U.S. first class mail by mean[s] of a corrections officer

through this facility."[3]  As the PCR court noted, "A litigant cannot type a date on an application to stop the five-year clock from tolling.  The filing date of the document controls for purposes of tolling the clock."  Because defendant failed to demonstrate excusable neglect or a fundamental injustice in enforcing the time bar, the PCR court correctly denied the petition as out of time.

The PCR court also denied the petition pursuant to Rule 3:22-5, which bars PCR based on a ground previously adjudicated on the merits.  In defendant's direct appeal of his conviction, he argued the trial court erred in denying his motions to suppress the arrest warrant and the evidence seized in the search of his residence, vehicle and cellphone.  Moore, slip op. at 4-6.  We found defendant's pro se brief raised "points of error so lacking in merit as to not warrant discussion in a written opinion."  Id. at 6.  We likewise rejected these contentions as argued in his counseled brief and affirmed the trial court's denial of the motions.  Id. at 7-9.  Because defendant's petition recast his unsuccessful points of error as ineffective assistance claims, it was not barred by Rule 3:22-5 and the PCR court mistakenly dismissed it on this ground.

Although defendant's petition was not procedurally barred, it nevertheless fails on its merits.  To succeed on a claim of ineffective assistance of counsel, a

---

[3] Defendant was incarcerated at South Woods State Prison.

A-1295-23

defendant must establish both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987), by a preponderance of the evidence, <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012).

First, a defendant must show that "counsel's performance was deficient," which requires demonstrating "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. Because the Constitution requires "reasonably effective assistance," an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." <u>Id.</u> at 687-88.

Under the second <u>Strickland</u> prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>State v. Gideon</u>, 244 N.J. 538, 551 (2021) (quoting <u>Strickland</u>, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Ibid.</u> (quoting <u>Strickland</u>, 466 U.S. at 694).

Further, a defendant claiming ineffective assistance of counsel based on a failure to file a motion must show the motion would have been successful. State v. Roper, 362 N.J. Super. 248, 255 (App. Div. 2003). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

Having rejected defendant's appeal of his unsuccessful motions to suppress, we are unpersuaded counsel was ineffective for declining to pursue the motions or that the outcome of the proceedings would have been different with counseled advocacy. Because defendant's petition failed to establish by a preponderance of the evidence a prima facie case for relief, the PCR court did not abuse its discretion in denying his request for a hearing. R. 3:22-10(b); see State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division