**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0311-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICARDO A. THOMPSON,

    Defendant-Appellant.

_____

Submitted March 2, 2021 – Decided May 28, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 15-04-0816 and 15-10-2292.

Joseph E. Krakora, Public Defender, attorney for appellant (Damen J. Thiel, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ricardo A. Thompson pleaded guilty to two charges in separate indictments: second-degree possession of a firearm, N.J.S.A. 2C:39-5(b) in one and fourth-degree possession of marijuana, N.J.S.A. 2C:35-10(a) in the other. Twenty-five months after he was sentenced to an aggregate three-year probationary term, he filed a petition for post-conviction relief (PCR) on one indictment, followed by a second PCR petition on the second indictment. Defendant appeals from the consolidated order denying both petitions arguing:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS INVESTIGATION, DEFENSE, AND PLEA HEARING, AN EVIDENTIARY HEARING WAS REQUIRED, AND THE PETITION WAS NOT PROCEDURALLY BARRED.

    A.    Defense Counsel Rendered Ineffective Assistance During Defendant's Initial Investigation and Defense Against the Charges.

    B.    Defense Counsel Rendered Ineffective Assistance During Defendant's Plea Hearing.

    C.    The PCR Court's Refusal to Hold an Evidentiary Hearing Denied Defendant Due Process and Deprived the Court of an

2

Accurate Factual Basis for its Decision.

D.   Defendant's PCR Petition Was Not
     Procedurally Barred under Rule 3:22-4.

Reviewing the factual inferences drawn by the trial court and its legal conclusions de novo because it did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), and considering "the facts in the light most favorable to [the] defendant," State v. Preciose, 129 N.J. 451, 462-63 (1992), we affirm because defendant did not establish his plea counsel was ineffective under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984),[1] and an evidentiary hearing was not warranted, Preciose, 129 N.J. at 462-63; see also R. 3:22-10(b).

To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in Fritz, 105 N.J. at 58.  That requires a defendant

---

[1]  To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test formulated in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52.  Defendant must show by a "reasonable probability" that the deficient performance affected the outcome.  Fritz, 105 N.J. at 58.

A-0311-19

who has pleaded guilty to "show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have [pleaded] guilty and would have insisted on going to trial,'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (first alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also State v. Gideon, 244 N.J. 538, 550-51 (2021), and that his "decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Defendant claims his plea counsel was ineffective by misadvising him of the immigration consequences of his plea. Defendant, a citizen of Jamaica, claims in his merits brief he was taken into custody and detained by Immigration and Customs Enforcement in January 2018. He argues that his counsel led him to believe deportation was not a mandatory consequence of his guilty plea, and that he pleaded guilty reasonably believing removal from the United States was "only a possibility."

A noncitizen defendant considering whether to plead guilty to an offense must "receive[] correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16,

A-0311-19

22 (App. Div. 2012). We previously recognized the United States Supreme Court's holding in Padilla, 559 U.S. at 367, that plea counsel "is required to address, in some manner, the risk of immigration consequences of a non-citizen defendant's guilty plea," Blake, 444 N.J. Super. at 295. "[T]o satisfy a defendant's Sixth Amendment right to effective assistance of counsel, counsel has an affirmative obligation to inform a client-defendant when a plea places the client at risk of deportation." State v. Gaitan, 209 N.J. 339, 356 (2012). The Padilla Court clarified that counsel's duty is not limited to avoiding dissemination of false or misleading information, but also includes an affirmative duty to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. 559 U.S. at 369.

Counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012). It is well-settled that plea counsel "must tell a client when removal is mandatory—when consequences are certain" to provide effective assistance of counsel. Gaitan, 209 N.J. at 380. Accordingly, "when counsel provides false or affirmatively misleading advice about the deportation consequences of a guilty plea, and the defendant demonstrates that he would not

5

have pled guilty if he had been provided with accurate information, an ineffective assistance of counsel claim has been established." Id. at 351.

"In the 'numerous situations in which the deportation consequences of a particular plea are unclear[, however,] . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.'" Blake, 444 N.J. Super. at 295 (second alteration in original) (quoting Padilla, 559 U.S. at 369). A careful review of the record reveals that is what occurred here.

The clear terms of the plea form in combination with the trial court's colloquy with defendant and his counsel belie defendant's assertion that counsel misinformed him about deportation consequences. After defendant told the trial court he was not a United States citizen, and his plea counsel explained defendant had a green card, and after they "had an opportunity to consult with an [i]mmigration [a]ttorney with a [p]ublic [d]efender," defendant was "still prepared in light of the immigration consequences to go forward with the plea offer" that day, the trial court sagely explored whether defendant understood "the significance of [his] plea." Included in that colloquy was an exchange during which the court told defendant it believed the second-degree unlawful possession of a firearm charge was an aggravated felony under federal law and

confirmed defendant understood he was subject to deportation if he pleaded guilty to such an aggravated felony.

When defendant informed the court he had not sought legal advice from an immigration lawyer to confirm the information stated by the court, plea counsel interjected that defendant was able to review a report prepared by an assistant deputy public defender "who specializes in immigration law." When the court inquired if the report verified that the firearms charge would likely be an aggravated felony that would result in defendant's deportation, plea counsel stated his "understanding . . . that because the agreed upon sentence [was] less than a year that it may make him subject to immigration proceedings, but he would have a defense to that being an aggravated felony. There . . . [is] not an automatic deportation that would result from this."

The following dialogue ensued:

> [THE TRIAL COURT]: Well, for purposes of this proceeding, Mr. Thompson, . . . I would go under the – for purposes of this proceeding I would go under the presumption that you're going to be get deported. So I should alter your plea. So with that information or knowledge that by the result of your plea are you still prepared to go forward?
> [DEFENDANT]: Yes.
> [THE COURT]: Even though you would be deported. So I just want to make sure that you understand that.
> [DEFENDANT]: Is it . . . 100% fact that I'm getting deported?

7

[THE COURT]: I don't know if its 100%, but I'm just saying I think for purposes of this plea you should enter this plea under the assumption that you would be departed.

Plea counsel then requested, and the trial court granted, a recess during which the court urged counsel to "go over [the immigration memo] carefully with" defendant. When the session resumed, plea counsel informed the court she made a copy of the memo and explained she and defendant:

> both are of the understanding it is possible that there could be removal proceedings initiated against him because of his actions today because in taking this plea. However, there is also a possible defense he would have [in] an immigration court to removal. So based on that understanding [defendant], and I have discussed whether or not he wants to go forward and he does tell me he wants to go forward with the plea.

The trial court asked defendant if "[t]hat [was] the case?"; defendant replied: "Yes, Your Honor."

The court further explained the impact the plea could have on defendant's ability to re-enter the United States and apply for citizenship; defendant confirmed he understood those consequences. When the court asked if "knowing all that information[,] is it still your desire now to proceed with your plea of guilty," defendant responded affirmatively.

8

Defendant also admitted to reviewing the plea form with counsel, providing the truthful answers reflected on the form which he would repeat under oath to the court, and initialing and signing the form. The answers to question seventeen included defendant's admissions that he: understood his guilty plea subjected him to removal; discussed the potential immigration consequences of the plea with his counsel; and still wished to plead guilty after having been advised of those consequences.

The record establishes defendant was aware he was pleading to a charge that he should have presumed would result in his deportation, but that he had a "possible defense" to removal because of the lenient non-custodial plea agreement. Plea counsel advised defendant of the legal avenue suggested by her office's immigration lawyer, but there is no evidence counsel misadvised defendant that he would not be deported. As such, defendant did not meet the first Strickland-Fritz prong by establishing "counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases.'" Nuñez-Valdéz, 200 N.J. at 139 (quoting DiFrisco, 137 N.J. at 457).

We also discern defendant failed to meet the second prong of the Strickland-Fritz test: "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have [pleaded] guilty and would have

insisted on going to trial." Nuñez-Valdéz, 200 N.J. at 139 (first alteration in original) (quoting DiFrisco, 137 N.J. at 457); see also Lee v. United States, 582 U.S. ___, 137 S.Ct. 1958, 1967 (2017) (holding "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" and "[j]udges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences").

Defendant often expressed his preference to the trial court that he wanted to proceed with the negotiated plea. Indeed, he would have faced a certain prison sentence by pleading guilty to the weapons charge had the State not obtained a Graves Act waiver, N.J.S.A. 2C:43-6.2, negating the mandatory minimum forty-two-month period of parole ineligibility required by the Graves Act, N.J.S.A. 2C:43-6(c). Furthermore, the plea agreement called for the dismissal of third-degree receiving stolen property, N.J.S.A. 2C:20-7(a), and fourth-degree resisting arrest, N.J.S.A. 29-2(a)(2), charged in the same indictment as the firearms count; and, under a separate indictment, third-degree possession with intent to distribute marijuana, N.J.S.A. 2C:35-5(a)(1) and 5(b)(11); third-degree possession with intent to distribute marijuana within a school zone, N.J.S.A. 2C:35-7(a); and third-degree possession with intent to

distribute marijuana within 500 feet of public property, N.J.S.A. 2C:35-7.1(a). Defendant faced consecutive sentences because the charges set forth in each indictment involved separate acts that occurred three months apart. See State v. Yarbough, 100 N.J. 627, 643-44 (1985). It was not reasonably probable defendant would have elected to forgo the plea agreement and proceeded to trial but for counsel's alleged errors—which we neither find nor suggest. He has proffered no viable defenses to any of the crimes.

We determine defendant's remaining arguments to be without sufficient merit to warrant discussion. R. 2:11-3(e)(2). We add only brief explanations.

Defendant claims his plea counsel failed to "investigate, discover, or otherwise use any information [d]efendant had that the police mishandled the evidence" supporting the State's case. When a defendant "claims his [or her] trial attorney inadequately investigated his [or her] case, he [or she] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6). In other words, a defendant must identify what the investigation would have revealed and demonstrate the way the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65. Defendant

11

wholly failed to meet that burden. "[B]ald assertions" of deficient performance are insufficient to support a PCR application. Ibid.; see also State v. Porter, 216 N.J. 343, 356-57 (2013) (reaffirming these principles in evaluating which of a defendant's various PCR claims warranted an evidentiary hearing).

Defendant also asserts counsel "failed to challenge the evidence against him, to file any motion to suppress the evidence of the police stop, the gun, or the weight of the marijuana[.]" A defendant contending that counsel was ineffective for failure to file a motion must show a reasonable probability "that the motion would have been successful." See State v. Roper, 362 N.J. Super. 248, 255 (App. Div. 2003) (holding "[i]n an ineffective assistance claim based on failure to file a suppression motion, the prejudice prong requires a showing that the motion would have been successful"). Defendant has not proffered grounds for any motion, much less demonstrated why the motion would have been successful. And we note, as to the weight of the marijuana, when asked how much marijuana he had, defendant answered, "I'm not sure of the amount, but I know it was more than fifty grams."[2]

---

[2]  An element of fourth-degree possession of marijuana is that the quantity possessed must be more than fifty grams. N.J.S.A. 2C:35-10(a)(3).

Defendant's claim that he was pressured to plead by his counsel is bald and belied by the record. He told the trial court during the plea hearing no one forced, threatened or coerced him to give up his trial-related rights or to plead guilty, and that he had enough time to meet with plea counsel and did not require additional time.

Finally, defendant did not establish a prima facie case to warrant an evidentiary hearing. A "defendant must allege specific facts and evidence supporting his allegations," Porter, 216 N.J. at 355, and "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim, Cummings, 321 N.J. Super. at 170. "Defendant may not create a genuine issue of fact, warranting an evidentiary hearing, by contradicting his prior statements without explanation." Blake, 444 N.J. Super. at 299. Defendant's bald averments, belied by the record, do not establish a prima facie claim. And, an evidentiary hearing is not to be used to explore PCR claims. See State v. Marshall, 148 N.J. 89, 157-58 (1997). As such, the PCR court properly denied an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13